IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO. 23-cr-238

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**DEMARCO DIGGS,**

       **Defendant.**

## MOTION TO LIFT THE STAY ORDER

MR. DEMARCO DIGGS, through Assistant Federal Public Defender Timothy P. O'Hara, asks this Court to lift the Stay Order [Doc. 14] that was issued by the Honorable United States Magistrate Judge Scott T. Varholak in the District of Colorado in 23-mj-132-STV. *See* Attachment A – Minute Order Granting Stay. The justification presented by the government in its motion fell markedly short of what is necessary to stay a lawful order issued by a federal judicial officer. Undersigned counsel requests that the Court correct the error and remove the stay.

**Introduction**

The present motion is an appeal of the Stay Order issued by Magistrate Judge Varholak and largely resembles Mr. Diggs' Response to the Government's Motion for a Stay of Release [Doc. 12 in 23-mj-00132-STV].[1] Because this Court has already set a hearing on the government's Motion for Emergency Review and Appeal of Release

---

[1] Undersigned counsel sent this document along with the government's motion to this Court's Chambers on Friday August 4, 2023.

Order for Monday August 7, 2023, this issue would be mooted by the Court's ruling on the government's emergency motion. But in the instance that the government's motion cannot be heard on August 7, or that Mr. Diggs cannot be connected via VTC for the hearing,[2] then undersigned counsel requests that the Court hear argument on the present motion.

**Factual Background**

1) On August 1, 2023, Mr. Diggs was arrested at his home and appeared before the Honorable Magistrate Judge Scott T. Varholak for an Initial Appearance in Denver, Colorado. The government expressed its intention to seek Mr. Diggs' detention and the matter was continued until August 3, 2023, for the Detention Hearing.

2) On August 3, 2023, the parties appeared before Magistrate Judge Varholak for the Detention Hearing. The government sought the detention of Mr. Diggs and undersigned counsel sought his release. In the Pretrial Services Report, the probation department recommended that Mr. Diggs be released on conditions. *See* Pretrial Services Report.[3] The Court allowed the parties to submit evidence, proceed by proffer, or make arguments in support of their respective positions. Neither side called witnesses. At the request of undersigned counsel, the Court admitted Defendant's

---

[2] On Friday August 4, 2023, undersigned counsel assisted the Court's clerk in setting up a VTC hearing for Mr. Diggs, but learned the facility where Mr. Diggs is held does not accommodate VTC hearings. As a result, undersigned counsel must arrange for the hearing to occur in the federal courthouse in Denver and confirmation has not been received that the arrangements have been successful.

[3] Because the Pretrial Services Report is "not subject to redisclosure," undersigned counsel does not attach it here, yet it is understood that both the government and the Court have access to the report.

Exhibits A-F into evidence without objection by the government. *See* Doc. 11 in 23-mj-132-STV.

3) At the conclusion of the hearing, Magistrate Judge Varholak found that the government had failed to meet its burden on either potential theory of detention allowed in the Bail Reform Act, finding that the government failed to demonstrate that Mr. Diggs was either a flight risk or a danger to the community. *See* Doc. 9 in 23-mj-132-STV. This Court then ordered that Mr. Diggs be released on an unsecured bond with conditions. *See id.*

4) Immediately following the hearing, the government orally requested a stay of the release order in order to appeal this Court's ruling in the District of Columbia with the court having jurisdiction over the case. *See id.* Undersigned counsel objected to the oral stay motion by the government. *See id.* The Court ordered that the government was to file a written motion to stay the release order by 5:00 p.m., but that in the meantime, Mr. Diggs would be remanded to the custody of the United States Marshals. *See id.*

5) Following the Hearing, the government filed its Motion for Stay of Release Order. *See* Doc. 8 in 23-mj-132-STV. In its Motion, the government requested that this Court stay the release order, yet provided little support for its position. *See id.* Additionally, the government provided legal support for the idea that *the district court judge* has the authority to stay the release order prior to making its own detention determination, not the magistrate court judge. *See id.* at p. 3. The government cited to two cases, both of which involved a *district court* issuing a stay of a magistrate judge's release order. *See id.* (citing *United States v. Muhtorov*, 702 Fed. Appx. 694, 698 (10th Cir. 2017) and *United States v. Bailey*, 18-y-00089-RBJ (D. Colo. Sept. 27, 2018)).

6) Also on August 3, 2023, undersigned counsel filed a Response to the Motion for Stay of Release Order. See Doc. 12 in 23-mj-132-STV.

7) On August 4, 2023, in a Minute Order, Magistrate Judge Varholak granted the government's Motion for Stay, stating only that the release order is "STAYED to allow the District of Columbia to file their motion for de novo review of said order." Doc. 14.

8) Also on August 4, 2023, the government in the District of Columbia filed its "Motion for Emergency Review and Appeal of Release Order."

**Argument**

Magistrate Judge Varholak's Minute Order [Doc. 14] staying the release of Mr. Diggs should be lifted for two reasons:

    1) the government has provided insufficient information that a stay of Magistrate Judge Varholak's order was appropriate, and

    2) the government has brought its motion in the incorrect venue.

Undersigned counsel will take the arguments in turn.

    1)    *There Is No Evidence to Support a Stay of this Court's Order*

In its Motion, the government provided no justification of why a stay would be appropriate, arguing as if it was a right that a release order should be stayed so that the government may seek an appeal in the district court. No such right to a stay exists. In determining whether to grant a stay of a lawful court order, the court must consider four factors:

    1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

    2) whether the applicant will be irreparably injured absent a stay;

    3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). None of the *Nken* factors favor the government's request.

First, the government is not likely to succeed on the merits at a new Detention Hearing before this Court. At the original Detention Hearing in the District of Colorado, the government presented no evidence and called no witnesses, instead proceeding by way of a brief proffer. The government's Emergency Motion adds some clarity about the nature of the alleged criminal conduct, but in no way justifies the need for a stay. It is undisputed that the criminal conduct alleged in the Indictment occurred more than two years ago and that neither of the charges in the Indictment trigger a presumption of detention. At the Detention Hearing, Magistrate Judge Varholak received six exhibits demonstrating that Mr. Diggs has: no criminal history, a record of military service, significant ties to the community, and steady employment upon release. Significantly, the probation department recommended Mr. Diggs' release, finding his Pretrial Release Assessment (PTRA) to be category two, giving him a 90% likelihood of success on pretrial supervision. Magistrate Judge Varholak considered all of the government's arguments,[4] even allowing the government a chance to make a rebuttal argument to defense counsel's argument. There is no reason to believe that this Court would be any more likely to grant the government's request for detention than Magistrate Judge Varholak was.

---

[4] The government made little to no argument on the issue of flight at the Detention Hearing, confining its only statement on the issue to a discussion of its estimate of the applicable guideline range, one which was disputed by undersigned counsel.

Second, the government would not be "irreparably injured" without a stay of the detention order. Magistrate Judge Varholak's conditions of release, largely mirroring those suggested by the probation department, would alleviate any concern expressed by the government as it relates to Mr. Diggs' potential danger to the community. For example, if Mr. Diggs were to be released on the conditions proposed by Magistrate Judge Varholak, he must refrain from possessing a firearm, destructive device, or other dangerous weapon and would not be able to enter any establishment where firearms are sold. Any purchase of a firearm by Mr. Diggs from a purveyor of firearms could be detected by the government after a simple search of the appropriate ATF database.

Neither at the Detention Hearing nor in its written filing did the government present any reason that it would suffer any injury if Mr. Diggs were to be released, let alone any "irreparable" injury. In fact, the government never alleged that Mr. Diggs was on the verge of committing any new offenses at the time of his arrest on August 1, 2023.[5] This is consistent with the fact that the government waited seven months to file an Indictment after federal agents spoke with Mr. Diggs in December of 2022; four months after information was obtained from Mr. Diggs' phone. There was little urgency to arrest and prosecute Mr. Diggs.

Third, there is no indication that any other parties would be injured as a result of Mr. Diggs' release. The Court's proposed conditions would protect the public as required by the Bail Reform Act, especially considering that the Court tailored the

---

[5] The government did point out that Mr. Diggs' alleged criminal conduct continued into 2023, however, that conduct was not charged in the Indictment and the 2023 text conversations referenced by the government occurred in February/March of this year, approximately 5+ months ago.

conditions to the facts of the present case. If Mr. Diggs should try to obtain an additional firearm, his receipt of that firearm would not only violate the terms of his release conditions, but it also would violate 18 U.S.C. §922(n), which makes it unlawful for any individual under indictment to receive a firearm that has been shipped or transported in interstate commerce.

Fourth, the public interest lies in upholding Magistrate Judge Varholak's order for release until the appeal can be heard by this Court, not in allowing the government to have Mr. Diggs detained at its will. The objective image of this case from the public's perspective is that the government was able to override a Court order by merely asking for a stay without providing any support. That is the wrong impression to give about the detention determination as it is the Court's decision, not the government's. This misconception should be corrected by lifting the stay immediately.

2)   *The Motion to Stay Should be Brought in the District Court in the District of Columbia not before this Court*

While it was appropriate for Magistrate Judge Varholak to consider a brief stay of the release order, the government should have filed a motion to stay the release order with *this Court* because the question of whether Mr. Diggs should remain in custody while the government appeals Magistrate Judge Varholak's Order should be decided by this Court. This position is consistent with 18 U.S.C. §3145(b), which requires the matter to return to the court "having original jurisdiction over the offense." The cases cited by the government support the idea that this Court should ultimately decide whether the government's stay should be granted. *See* Doc. 8 at p. 3 ("The *district court* may stay the release order prior to making its own detention determination.") (emphasis added). The procedure in at least one recent case in the District of Columbia Circuit also

supports that approach. See United States v Munchel, 991 F.3d 1273, 1278 (Magistrate Judge in the Middle District of Tennessee "briefly stayed" the release orders for two defendants until the matter could be heard by Chief Judge Beryl A. Howell in the District of Columbia).

As a result, undersigned counsel requests that this Court remove Magistrate Judge Varholak's pending stay order, release Mr. Diggs in the District of Colorado, and require the government to file any motion for a stay in the District of Columbia, with a summons for him to appear for such hearing.

**Conclusion**

Magistrate Judge Varholak's Minute Order staying Mr. Diggs' release [Doc. 14 in case 23-mj-132-STV] should be lifted. The government's request for a stay lacked any substance and did not justify this extreme measure, avoiding the four factors established in Nken. Any further motion to stay should be filed in the District of Columbia with briefing and argument to be heard there. Mr. Diggs should be released immediately, consistent with Magistrate Judge Varholak's Order following the Detention Hearing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  timothy_ohara@fd.org
Attorney for Mr. Diggs

CERTIFICATE OF SERVICE

I certify that on August 7, 2023, I filed the foregoing

**MOTION TO LIFT THE STAY ORDER**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Andy Wang
    Assistant United States Attorney
    Email:  Andy.Wang@usdoj.gov

    I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

    Demarco Diggs (via U.S. mail)

                                        s/ *Timothy P. O'Hara*
                                        TIMOTHY P. O'HARA
                                        Assistant Federal Public Defender
                                        633 Seventeenth Street, Suite 1000
                                        Denver, Colorado  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        Email:  timothy_ohara@fd.org
                                        Attorney for Mr. Diggs